## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**SHAUNTWAN BARNES,**

     **Plaintiff,**

**vs.**                       **Case No.  4:18cv261-MW/CAS**

**ANGELA DEMPSEY**
**and BRITTANY FOX,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was granted in forma pauperis status, ECF No. 7, and assessed an initial partial filing fee.  ECF No. 8.  That fee has been paid, ECF No. 8, and it is now appropriate to review Plaintiff's first amended complaint, ECF No. 4, as required by 28 U.S.C. § 1915A.

Plaintiff's complaint is brought against two Defendants: assistant state attorney Brittany Fox and Leon County Judge Angela Dempsey.  ECF No. 4 at 2.  Plaintiff complains that he and his public defender were requesting mental health treatment as part of his plea agreement and, therefore, did not reach an agreement during his court appearance on

March 29, 2018.  *Id.* at 5.  Defendant Fox told Defendant Dempsey during that hearing that a better plea agreement could be worked out before the next case management conference.  *Id.* at 6.

A month later, Plaintiff returned to court and another plea agreement was presented to him.  ECF No. 4 at 6.  This agreement, like the first, did not contain a recommendation for mental health treatment.  *Id.*  Plaintiff states that he was told "it was a take it now deal or go to trial."  *Id.*  Plaintiff asserts that he feared what Defendant Fox would do if he did not take the plea and, simultaneously, was in fear of what Defendant Dempsey would do if he did take the plea.  *Id.*  Plaintiff said that due to his fear, he did what he did not want to do - sign the plea agreement.  *Id.*

Plaintiff alleges that he "only wanted the mental health treatment" and contends that two weeks after being released from the county jail on probation, he "black[ed] out and went into rage."  *Id.* at 7.  "By the time [Plaintiff] came back to [his] right mind [he] was being detained and taken back to jail for committing new charges while on probation."  *Id.*  He contends that if the court would have imposed mental health treatment, he would not have gone into a rage and committed new offenses.  *Id.*  Plaintiff asserts an Eighth Amendment claim against Defendants Fox and Dempsey

for failing to impose mental health treatment as part of his sentence.  *Id.* at

8.  As relief, Plaintiff seeks either inpatient or outpatient mental health

treatment and also requests that his plea be reversed.  *Id.*

Although Plaintiff's claims have been liberally construed since Plaintiff

proceeds pro se, he has not alleged facts which are sufficient to state a

claim under the Eighth Amendment.  It is well settled that the Eighth

Amendment prohibits "cruel and unusual punishments" and requires

humane treatment for prisoners.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832,

114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994).   The Amendment also

imposes duties on prison officials to "provide humane conditions of

confinement" which includes ensuring "that inmates receive adequate food,

clothing, shelter, and medical care."  <u>Farmer</u>, 511 U.S. at 832, 114 S. Ct. at

1976.  However, Plaintiff was not sentenced to prison; he was released

from detention at the jail to a period of probation.  ECF No. 4.  Because he

was not detained, Plaintiff was able to seek mental health treatment on his

own.  The fact that Plaintiff's sentence did not require such treatment is

neither an actionable Eighth Amendment claim nor a due process violation.

Moreover, there is no need to grant leave to permit Plaintiff to file

another amended complaint because Defendant Demsey, like all judges, is

entitled to "absolute immunity from suits arising from acts taken in their judicial capacity 'unless they acted in the clear absence of all jurisdiction.'" Maps v. Miami Dade State Attorney, 693 F. App'x 784, 785 (11th Cir.), *cert. denied sub nom.* Maps v. Fernandez-Rundle, 138 S. Ct. 450 (2017), *reh'g denied*, 138 S. Ct. 1046 (2018) (quoting Bolin v. Story, 225 F.3d 1234, 1239, 1242 (11th Cir. 2000)).  The claim against Judge Demsey is based on actions taken in the courtroom, in her judicial capacity, as she was deciding a case that was pending before her.  "Absolute judicial immunity applies even when a judge's acts are erroneous or malicious and protects judges from suits for money damages as well as injunctive relief."  Maps, 693 F. App'x at 786.

Furthermore, prosecutors are also entitled to "absolutely immunity from suits arising from 'acts undertaken in preparing for the initiation of judicial proceedings or for trial' and acts that occur in the course of the prosecutor's role as an advocate for the State."  Hart v. Hodges, 587 F.3d 1288, 1295 (11th Cir. 2009) (quoted in Maps, 693 F. App'x 786); *see also* Imbler v. Pachtman, 96 S. Ct. 984 (1976).  Although a prosecutor does not enjoy absolute immunity from a suit requesting injunctive relief.  Plaintiff has not alleged facts which reveal that Defendant Fox violated Plaintiff's

civil rights in making a plea offer.  There are no facts alleged which reveal that Plaintiff did not understand the plea agreement or that Defendant Fox did not comply with the agreement reached.  Plaintiff's dissatisfaction with his choice in signing the agreement is insufficient to show that his constitutional rights were violated.  Furthermore, expressing fear if Plaintiff went to trial does not provide a sufficient basis for vacating a plea agreement.

In addition, well established law prohibits the use of a § 1983 civil rights case to challenge a conviction or sentence.  <u>Maps</u>, 693 F. App'x at 787; <u>Preiser v. Rodriguez</u>, 93 S. Ct. 1827 (1973); <u>Heck v. Humphrey</u>, 114 S. Ct. 2364 (1994).  If Plaintiff seeks to overturn his plea agreement, his avenue for relief is through direct appeal or the filing of a habeas petition.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 4, be **DISMISSED** for failure to state a claim upon which relief

may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and because

Defendant Dempsey has absolute immunity from suit.

**IN CHAMBERS** at Tallahassee, Florida, on February 11, 2019.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**